## HAMILTON MFG. CORP. v. TOLEDO GUILD PRODUCTS, Inc.

### Civ. No. 6627.

United States District Court,
N. D. Ohio, W. D.

Sept. 23, 1952.

John F. Oberlin, Oberlin & Limbach, Cleveland, Ohio, Schley, Trask & Jenkins, Indianapolis, Ind., for plaintiff.

Carl F. Schaffer, Toledo, Ohio, for defendant.

KLOEB, District Judge.

This case was submitted to the Court upon the evidence, stipulations and briefs submitted by the parties involved.

Plaintiff is engaged in the business of manufacturing and marketing various types of sheet metal stools, chairs and utility tables, chiefly for kitchen use, with its place of business at Columbus, Indiana.

Defendant is in the business of selling sheet metal tables and stools, with its place of business at Toledo, Ohio.

Plaintiff in its complaint charges the defendant with infringing its Letters Patent No. 2,306,879, which the stipulation agrees was issued and assigned to plaintiff. The answer to interrogatory No. 1 limits the alleged infringement to Claims 7 and 8 of the patent.

Plaintiff prays for a preliminary and final injunction against further infringement by defendant, an accounting for profits and damages, an assessment of costs and attorney fees against defendant, and such other and further relief as shall seem to the Court to be required.

Defendant in its answer denies infringement and alleges the invalidity of the patent in question.

The invention covers the joint of a sheet metal stool or chair between the seat and a leg thereof, designed for a stool that is to be sold in a knocked-down condition in a compact package and which can be readily assembled by the retailer or purchaser.

While the patent issued for a joint on a stool or chair, yet the defendant is charged with infringing the patent through use on a metal table (Plaintiff's Exhibit 4). It appears that on the stools and chairs that are marketed by the defendant it attaches the leg to the seat reinforced with a nut and bolt and hence it is not claimed by plaintiff that this device infringes its patent.

It is a contention of the defendant that the patent issued for use only on a stool or chair and that, therefore, its use on a table is beyond the comprehension of the patent and, therefore, the defendant is not an infringer. On the contrary, it is contended by plaintiff that the defendant uses the device only on its table and not on its stool or chair so that it may be in a position to claim non-infringement under the conditions of the patent.

The Court has given this contention of the defendant no weight in arriving at its conclusions, because it makes no difference in actual practice whether the joint is applied to one utility device or another. The patented joint is the issue involved. From a study of the record on this point, the Court is of the opinion that the reason for the use of the counter-sunk joint by defendant on its table and not on its stools without reinforcement, is not particularly because it fears a charge of infringement of the patent of plaintiff if it uses it on a stool or chair, but because the joint as utilized by the defendant on its table would be wholly inadequate to support expected weights on a stool or chair without reinforcement by bolt and nut.

Defendant's alleged infringing device is shown on its table models 1170 and 1180 displayed on the back of its catalog (Plaintiff's Exhibit 2). Plaintiff's device is shown on several tables and chairs displayed in its catalog (Plaintiff's Exhibit 3). Plaintiff's Exhibit 4 is a physical exhibit of defendant's alleged infringing table, and Plaintiff's Exhibit 9 is plaintiff's table utilizing the joints authorized by the patent in question. Plaintiff's Exhibits 11 and 12 are models showing the grooves and upper end of leg as manufactured, and defendant's Exhibit I (Parts 1 and 2) are models of defendant's seat and joint.

· At the conclusion of plaintiff's case, the defendant moved for the dismissal of the complaint on the ground that a case of infringement had not been made out against it. At the time the Court deferred action on the motion.

▋ The Court is now of the opinion that plaintiff has failed to sustain the burden cast upon it to establish infringement by the defendant as alleged, and that the motion of the defendant should be sustained.

It is plaintiff's contention that Claim 7, which is the narrower of the two claims in suit, reads squarely on defendant's structure as follows:

"7. In a stool or chair,

"I. a generally horizontal sheet-metal seat (10)

"having a generally downwardly extending peripheral flange (12)

"having a plurality of spaced openings (15),

"II. a leg (20) associated with each of said openings (15),

"said leg being formed at its upper end to provide means (shoulder 23) engageable with one edge of the associated opening (15) to provide a pivotal connection about which the leg may be swung downwardly toward a normal vertical position,

"said leg (20) and said flange (12) having below the opening (15) vertically extending, interfittings provisions (flanges 25 and grooves 16) engage-able by such swinging movement of the leg and co-operating when engaged to prevent movement of the leg about a horizontal axis radial of the seat,

"III. and a ring (30) secured to the legs near the lower end thereof."

The Court cannot agree that the following portion of paragraph II above reads on defendant's structure:

"said leg (20) and said flange (12) having below the opening (15) vertically extending, interfittings provisions (flanges 25 and grooves 16) engage-able by such swinging movement of the leg and co-operating when engaged to prevent movement of the leg about a horizontal axis radial of the seat".

It appears from the contents of the file wrapper (Defendant's Exhibit A, at page 9) that after the original application had been rejected by the Patent Office Examiner on the ground, among others, that Claims 7 and 8 were fully met by Boggs (1,467,830) (See Defendant's Exhibit D), plaintiff amended its Claims 7 and 8 by interlining the following words after the word "having", and before the word "provisions", "vertically extending, interfitting", and thereafter the Examiner approved the amended application and the patent issued.

Defendant employs the tongue and slot method of making the initial connection between leg and table in substantially the same manner as does plaintiff; and it employs a counter-sunk or mortised-fitting of the joint with no substantial interfit which would strengthen and prevent wobbling and it utilizes a connecting ring or shelf a distance down on the legs to tighten and hold the legs fast after they have been swung into position. It does not utilize vertically extending and interfitting provisions engageable by the swinging movement of the leg and cooperating when engaged to prevent movement of the leg about a horizontal axis radial of the seat. In fact, the joint as utilized by the defendant on its table model (Plaintiff's Exhibit 4) makes a joint of such an insecure nature as to preclude its use on a stool or chair. It is the vertically extending and interfitting provisions utilized by plaintiff in combina-

tion with a tongue and slot connection and a connecting ring or shelf at the bottom that make of it, in the opinion of the Court, (and that made of it in the opinion of the Examiner), a new and novel joint, one that far exceeds, in utility and sturdiness, the joint of the defendant. The privileges issued to plaintiff through Claims 7 and 8 of its patent should not be construed so broadly as to preclude the use by others and prohibit thereafter the employment of elements such as the tongue and slot, the counter-sunk or mortised joint and the connecting ring, all of which are old elements in the art.

It does not answer the question of infringement to take the position, as does plaintiff, that the employment of some of the old elements utilized by the defendant brings about the same result as do those employed by plaintiff. The natural and expected result not only of the two devices in question, but of all devices designed to connect legs with a table, is to provide a fitting stand to house the top of the table. Many of the devices as disclosed by the art would appear to be crude and insufficient to perform the job required of them if utilized on sheet-metal kitchen equipment marketed by both plaintiff and defendant. Defendant certainly cannot claim perfection in its device as compared with the excellent device marketed by the plaintiff. It has a leg and a joint that sustain a top. The results obtained by defendant may be superficially the same, but the Court cannot agree that they answer the problem as does plaintiff's device.

Plaintiff has failed to establish infringement as alleged in its complaint.

■ Defendant alleges invalidity of plaintiff's patent because it claims that the patent was anticipated by the prior art, and that no new or novel result was obtained through the utilization of old elements in the art. The Court feels obligated to pass on the question of validity. Sinclair & Carroll Co. v. Interchemical Corp., 325 U.S. 327, at page 330, 65 S.Ct. 1143, 89 L.Ed. 1644; Holland Co. v. American Steel Foundries, 7 Cir., 190 F.2d 37; Pennington Engineering Co. v. Spicer Mfg. Corporation, 6 Cir., 165 F.2d 59.

■■ The Court is of the opinion that the defendant has failed to overcome the presumption of validity that attaches to a patent and prove its invalidity by the heavy burden cast upon it.

Defendant relies on the prior art as disclosed in Boggs 1,467,830, Walther 199,763 and Willoughby 1,605,417, chiefly because of the tongue and slot method of connection which is disclosed in these patents; it relies on Leland 1,073,860 as disclosing anticipation of the vertically extending and interfitting provisions employed by plaintiff, because, apparently, Leland utilizes interlocking grooves and indentations, and it takes the position that these elements operating with the connecting ring, are all old in the art and that their use by the plaintiff as disclosed in plaintiff's patent brings forth nothing new and novel that might rise to the dignity of a patent.

Granting that these elements are all old in the art, the Court believes that we have here a new combination of elements, which produces a new and useful result and therefore constitutes an advancement in the art. Authorities cited in Forestek Plating & Mfg. Co. v. Knapp-Monarch Co., 6 Cir., 106 F.2d 554, at page 557, para. 1, support this principle. Admittedly, the Forestek case was decided by a divided Court, but the dissenting opinion as applied to the mechanical patent appears to stem from the position that the claims describe an aggregation and not a true combination, and for that reason are held by the dissenter to be invalid.

In Harman v. Scott, D.C., 90 F.Supp. 486, at page 489, decided May 1, 1950, Judge Nevin of the Southern District of Ohio, Eastern Division, says the following:

"The fact (if it be a fact) that various elements of the patented invention may be found in the prior art does not itself render the patent invalid. Frey v. Marvel Auto Supply Co., 6 Cir., 236 F. 916.

"Where, as in the patent in suit, there is a novel combination which produces a new and useful result a patent is not anticipated by piecemeal selection of the component parts of

the combination from a number of prior art patents which themselves did not solve the problem. Parks v. Booth, 102 U.S. 96, 104, 26 L.Ed. 54. Metropolitan Device Corp. v. Cleveland Electric Illuminating Co., 6 Cir., 36 F.2d 477, 479."

This opinion of Judge Nevin was recently affirmed in 6 Cir., 195 F.2d 916.

The Court has searched the patents and publications cited by the defendant on the question of invalidity and has been unable to find one which is, in itself, anticipation. True, elements of the combination in question are brought out in the cited art, but no reference shows an arrangement whereby the tongue and slot, cooperating with a groove and flange joint substantially interfitting and cooperating with a ring, bring about such a satisfactory result for a knocked-down sheet metal device for kitchen and related use as has been produced by the plaintiff. The results obtained by plaintiff's device produce a compact, rigid and serviceable joint that the prior art has not disclosed.

■ In arriving at the conclusion of validity, the Court has given but slight consideration to the question of commercial success. Plaintiff's witness, Gilbert Isgrigg, testified that within a period of five years plaintiff has marketed five million units carrying the patented joint, and that three and a half million of these units were stools or chairs and one and a half million were tables. (R.P. 24.) The evidence on the question of commercial success does not establish, with a great degree of certainty, that this success could be attributed alone to the patent claims in suit. There are six claims in the patent numbered 1 to 6 which are not in suit. These claims cover certain important features of plaintiff's products and may well have played their part in attaining the commercial success that admittedly has been accomplished by plaintiff. The Court has had two of plaintiff's devices in his kitchen for a number of years. One of these devices is a step stool, upholstered, and with a back attached; the other is a step stool, without upholstery, and without a back. At the time these purchases were made the Court was motivated, first, by a necessity for some device of this general character and, in his search for such a device, he found plaintiff's product which satisfied all requirements. He cannot say at this time that the joints in question impelled him to make the purchases, although undoubtedly their compactness and sturdiness played a part. The design, the excellent over-all construction and the quality of materials employed by plaintiff all played their part in convincing the purchaser that he had found what was necessary to meet his needs.

■ In view of the Court's finding of non-infringement by the defendant, the complaint is dismissed at costs of the plaintiff.

Defendant may prepare and file findings of fact and conclusions of law drawn in accordance with this opinion within 10 days. Plaintiff may file his exceptions or suggested additions thereto within 10 days thereafter.